# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| MELISSA MARIE HEPNER, et al., ) | 3:03-CV-0681-RAM |
| Plaintiffs, ) | |
| ) | **MEMORANDUM DECISION** |
| vs. ) | **AND ORDER** |
| ) | |
| DENNIS BALAAM, Washoe County ) | |
| Sheriff, in both his individual and ) | |
| capacities, et al., ) | |
| ) | |
| Defendants. ) | |

Before the court is Defendants' Motion for Summary Judgment (Doc. #57). Plaintiffs have opposed the motion (Doc #62) and Defendants replied (Doc. #63).

## BACKGROUND

The facts of this case concern the events surrounding the execution of search warrants for the residence of Sohn Regas and for the Hells Angels Clubhouse, both in Sparks, Nevada. (#42). Plaintiff Melissa Hepner was an occupant of the Regas residence and plaintiff Shayne Waldron was an occupant of the clubhouse when the respective search warrants were executed. (*Id.*). Both were handcuffed and detained while the respective searches were executed. (*Id.*). Plaintiffs Troy Regas and Robert Neckel were the passenger and driver, respectively, of a vehicle that was stopped at a business park near the Hells Angels Clubhouse. (*Id.*). They allege that during this traffic stop the police "had numerous automatic weapons" pointed at Plaintiffs. (*Id.*).

Defendants are Sheriff Dennis Balaam, Deputy Sheriffs Tom Green and Kevin Krush, and Washoe County. The causes of action that remain from Plaintiffs' Second Amended Complaint (Doc. #42) include (1) the third cause of action for violation of civil rights - conspiracy; (2) the fourth

cause of action for violation of civil rights - unreasonable seizure/false arrest of Plaintiffs Hepner and Waldron; (3) the sixth cause of action for violation of civil rights - unlawful search; (4) the seventh cause of action for violation of civil rights - unreasonable seizure/excessive force of Plaintiffs Neckel and Regas; (5) the eighth cause of action for violation of civil rights - failure to train, (6) the eleventh cause of action for violation of civil rights - punitive damages; (7) the twelfth cause of action, a state law claim for false imprisonment of Plaintiffs Hepner and Waldron; and (8) the thirteenth cause of action, a state law claim for assault with a deadly weapon of Plaintiffs Regas and Neckel. (Doc. #57).[1]

## DISCUSSION

*A.*     **Standard for Summary Judgment**

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court. *Northwest Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). The moving party is entitled to summary judgment where, viewing the evidence and the inferences arising therefrom in favor of the nonmovant, there are no genuine issues of material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). Judgment as a matter of law is appropriate where there is no legally sufficient evidentiary basis for a reasonable jury to find for the nonmoving party. FED. R. CIV. P. 50(a). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995), cert. denied, 516 U.S. 1171 (1996).

The moving party bears the burden of informing the court of the basis for its motion, together with evidence demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the party opposing the motion may not rest upon mere allegations or denials of the pleadings, but must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Although the parties may submit evidence in an inadmissible form, only evidence which might

---

[1] Plaintiffs do not oppose entry of judgment dismissing the third, sixth, and eighth causes of action.

1  be admissible at trial may be considered by a trial court in ruling on a motion for summary judgment.
2  FED. R. CIV. P. 56(c); *Beyene v. Coleman Sec. Serv., Inc.*, 854 F.2d 1179, 1181 (9th Cir. 1988).

3  In evaluating the appropriateness of summary judgment, three steps are necessary: (1) determining whether a fact is material; (2) determining whether there is a genuine issue for the trier of fact, as determined by the documents submitted to the court; and (3) considering that evidence in light of the appropriate standard of proof. *Anderson*, 477 U.S. at 248. As to materiality, only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment; factual disputes which are irrelevant or unnecessary will not be considered. *Id.* Where there is a complete failure of proof concerning an essential element of the nonmoving party's case, all other facts are rendered immaterial, and the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323. Summary judgment is not a disfavored procedural shortcut, but an integral part of the federal rules as a whole. *Id*.

**B.     Plaintiffs Fourth Causes of Action: Unreasonable Seizure**

Supervisor Liability under 42 U.S.C. § 1983

There is no *respondeat superior* liability under § 1983. *Hydrick v. Hunter*, 466 F. 3d 676, 689 (9th Cir. 2006). There must be a showing that the defendant personally participated in the alleged rights deprivation. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002); *see also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). Thus, in the case of a supervisor or official, in order for liability to attach, the supervisor must have "participated in or directed the violations, or knew of the violation and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Here, Plaintiffs Hepner and Waldron have not alleged the personal involvement of Defendants Krush or Green. However, read liberally, the second amended complaint (Doc. #42) includes allegations that Defendant Balaam directed the violations or knew of them and failed to prevent them. (Doc. #42). Defendants argue in their reply that liability cannot attach to Defendant Balaam since he was not present at either location when Plaintiffs Hepner and Waldron were detained. (Doc. #63). First, the law does not require that the supervisor be physically present at the scene of the alleged violation; liability can also be imposed where the supervisor *directed* the violation or knew of it and

3

failed to prevent it. *Taylor*, 880 F.2d at 1045. Second, Defendants raise this argument for the first time in their reply, giving Plaintiffs no opportunity to respond with evidence of how Defendant Balaam was involved in the alleged violations. (Doc. #63).[2]

<u>Detention of Occupants During the Execution of a Search Warrant</u>

Plaintiffs argue that under NRS 171.123 and the Fourth Amendment, their detentions morphed into arrests by virtue of the duration of the detention. (Doc. #42). Although, as stated above, Plaintiffs second amended complaint, if read liberally, states a cause of action under the Fourth Amendment, NRS 171.123 does not apply to detention of occupants while a valid search warrant is executed. NRS 171.123 simply provides that "a person may not be detained longer than is reasonably necessary *to effectuate the purposes of this section*, and in no event longer than 60 minutes ... unless the person is arrested." NRS 171.123. The section in question deals with "temporary detention of person suspected of criminal activity or of violating conditions of parole or probation: limitations", not with temporary detention of occupants during the execution of a search warrant.

Officers executing a search warrant have the authority "to detain the occupants of the premises while a proper search is conducted," even in the absence of probable cause. *Michigan v. Summers*, 452 U.S. 692, 705 (1981)(where the Supreme Court found it was constitutionally reasonable to detain a citizen while the police executed a valid warrant to search his home for contraband). However, such detention may still be unlawful if carried out in an unreasonable manner. *Franklin v. Foxworth*, 31 F.3d 873, 875 (9th Cir. 1994). A seizure must be "carefully tailored" to the law enforcement interests that justify detention while the warrant is executed. *Ganwich v. Knapp*, 319 F.3d 1115, 1122 (9th Cir. 2003). "[A] detention conducted in connection with a search may be unreasonable if it is unnecessarily painful, degrading, or prolonged." *Meredith v. Erath*, 342 F.3d 1057, 1062 (9th Cir. 2003)(quoting *Franklin*, 31 F.3d at 876).

---

[2] In the Motion for Summary Judgment Defendants do briefly argue that Plaintiff Hepner "can point to no fact that a named defendant in this case even contacted her" but they failed to cite to the law that would make such a fact relevant. (Doc. #57, p. 17). They do not make any similar argument with regard to Plaintiff Waldron. Raising the issue in this way is not sufficient to put Plaintiffs on notice that lack of personal involvement of the Defendants is the ground on which Defendants seek summary judgment.

In *Muehler v. Mena*, the Supreme Court found that the detention of an occupant for two or three hours while a search warrant was executed did not offend the constitution. 544 U.S. 93, 95 (2005). The *Mena* court also found that handcuffing the detainee for the length of the search was reasonable because the governmental interests outweighed the marginal intrusion. *Id.* at 99. The court stated that the

> "governmental interest in not only detaining, but using handcuffs, are at their maximum when, as here, a warrant authorizes a search for weapons and wanted gang member resides on the premises. In such inherently dangerous situations, the use of handcuffs minimizes the risk of harm to both officers and occupants."

However, where law enforcement have no reason to believe that the occupants were dangerous, use of handcuff is not permitted. *Erath*, 342 F.3d at1063 (Fourth Amendment violated where occupant was handcuffed during execution of search for evidence of tax related crimes).

Here, under the totality of the circumstances, a reasonable jury could find that detention of Plaintiffs Hepner and Waldron was unreasonable if they find that the situation was not inherently dangerous. The evidence before the court at this time indicates that many law enforcement personnel were present during each search, which indicates that law enforcement could have ensured that Plaintiffs did not threaten their safety or the integrity of the investigation through means less intrusive than prolonged handcuffing. (Doc. #62, Exh. 2, Exh. 3). Further, when Plaintiffs first exited the respective building they were patted down and found to have no weapons. (*Id.*). A reasonable jury could find that given these facts, the situation was not inherently dangerous and did not call for the handcuffing of the Plaintiffs. As such, Defendants Motion for Summary Judgment (Doc. #57) is **denied** as to the Fourth Cause of Action. However, the court notes that because Plaintiffs have not alleged any personal involvement by Defendants Krush or Green in this alleged violation, they can only prevail at trial upon some showing that Defendant Balaam was involved in the alleged violations. Thus, the motion is **granted** as to Defendants Krush and Green.

/ / /

/ / /

**C.     Fifth Cause of Action: False Arrest**

First, Plaintiff Hepner was never arrested. Thus, her claims fails as a matter of law. Although her lengthy detention may have violated her Fourth Amendment rights as discussed above, it did not ripen into an arrest. As such, Defendants Motion for Summary Judgment on the Fifth Cause of Action is **granted** as to Plaintiff Hepner.

Second, the parties do not dispute that Plaintiff Waldron was validly arrested on the day of the search when he claimed ownership of a stolen weapon that was seized in the search. Rather, Plaintiffs assert that his detention ripened into an arrest prior to this. Again, although a jury might find that his detention was unreasonable, it did not ripe into an arrest. As such, Defendants Motion for Summary Judgment on the Fifth Cause of Action is **granted** as to Plaintiff Waldron as well.

**D.     Seventh Cause of Action: Excessive Force**

Supervisor Liability under 42 U.S.C. § 1983

Plaintiffs Regas' and Neckel's claims of excessive force are subject to the same limitations detailed above: no liability can be imposed on Defendants absent a showing of personal involvement by the named defendants. *Jones*, 297 F.3d at 934.

Plaintiffs make no allegations that Defendant Green was in any way involved with the traffic stop that gave rise to their claims of excessive force. Likewise, Plaintiffs have not brought forth any evidence, or even directly alleged, that Defendant Krush, whom Plaintiffs admit was present at the stop, ever pointed a gun at them. Further, unlike in the section of their motion dealing with the alleged unlawful detentions of Plaintiffs Hepner and Waldron, the section of Defendants' motion dealing with the alleged unlawful application of excessive force *does* point out that Plaintiffs have not alleged any personal involvement on the part of any of the named Defendants, including Defendant Balaam.

First, as to Defendants Green and Krush, the court concludes that Plaintiffs have had an opportunity to respond to this argument with some showing of personal involvement on the part of these Defendants, but they have failed to do so. Thus, since Plaintiffs have not brought forth any

evidence showing the personal involvement of Defendants Green or Krush in the alleged violation of the their rights, summary judgment is **granted** on those claims as to those Defendants.

Second, Defendants' argument as to Defendant Balaam rests solely on a theory that no liability can be imposed on him since Plaintiffs have not alleged that he was even at the scene of the search. (Doc. #57). As discussed above, a liberal reading of the second amended complaint includes allegations that Defendant Balaam directed the violations or knew of them and failed to prevent them. (Doc. #42). Defendants raise no arguments and attach no evidence showing that Defendant Balaam did not act in the manner Plaintiffs alleged. Thus, Plaintiffs cannot be expected to have opposed the motion with evidence that he was involved. Thus, we consider the claims of excessive force on the limited argument that Defendant Balaam directed the violations or knew of them and failed to prevent them.

Use of Force During a Traffic Stop

Under the Fourth Amendment, claims that law enforcement used excessive force in the course of making an arrest, investigatory stop, or other seizure are governed by the "objective reasonableness" standard. *Graham v. Connor*, 490 U.S. 386, 388 (1989). The reasonableness inquiry requires a "careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake." *Id*. at 396 (internal quotations omitted). Some force may be permissibly applied in executing an arrest or investigatory stop. *Id.* Some of the factors the *Graham* court discussed include (1) the severity of the crime at issue, (2) whether the suspect poses an immediate threat to the safety of the officers or other, and (3) whether he is actively resisting arrest or attempting to evade arrest by flight. *Id.* This reasonableness calculus must take into consideration the perspective of a reasonable officer at the scene, not simply a hindsight's view of the situation. *Id.* Even when some force is justified, the amount actually used may be excessive. *Santos v. Gates*, 287 F.3d 846, 853 (9th Cir. 2002). Because evaluation of excessive force claims "nearly always requires a jury to sift through disputed factual contentions, and to draw

inferences therefrom ... summary judgment in excessive force cases should be granted sparingly." *Smith v. City of Hemet*, 394 F.3d 689, 701 (9th Cir. 2005).

Here, Plaintiffs allege that Defendants pointed weapons at them for the entirety of the traffic stop, even after they had already been subjected to pat down searches. (Doc. #42). Defendants admit there is a dispute of fact regarding whether the weapons were actually pointed at Plaintiffs Regas and Neckel. (Doc. #57). They simply contend that even if the weapons were pointed at them, such action was objectively reasonable in light of all the facts. (*Id.*). We cannot agree. In the Ninth Circuit pointing a weapon at someone can give rise to a 1983 claim. *See*, *Robinson v. Solano County*, 278 F.3d 1007 (9th Cir. 2002)(en banc)( pointing a gun at an unarmed suspect could give rise to an excessive force claim). Taking all inferences in favor of Plaintiffs, the non-movants, a reasonable jury could find that the police action was not objectively reasonable. If a jury so found and also found that Defendant Balaam directed or knew of and failed to prevent this activity, then a jury could find for Plaintiffs.

Qualified Immunity

Under certain circumstances state officials are entitled to qualified immunity when sued in their personal capacities. *Carey v. Nevada Gaming Control Board*, 279 F.3d 873, 879 (9th Cir. 2002). When a state official reasonably believes his or her acts were lawful in light of clearly established law and the information they possessed, the official may claim qualified immunity. *Kennedy v. Los Angeles Police Dept.*, 901 F.2d 702, 706 (9th Cir. 1985). Where "the law did not put the officer on notice that his conduct would be clearly unlawful, summary judgment based on qualified immunity is appropriate." *Saucier v. Katz*, 533 U.S. 194, 202 (2001).

In analyzing whether the defendant is entitled to qualified immunity, the court must consider two issues. First, the court must make a threshold inquiry into whether the Plaintiff alleges deprivation of a constitutional right. *Hope v. Pelzer*, 536 U.S. 730, 736 (2000); *Saucier,* 533 U.S. at 201. If no constitutional violation occurred, the court need not inquire further. *Saucier*, 533 U.S. at 201. If a

constitutional violation did occur then the court must next establish whether the right was clearly established at the times of the alleged violation such that the official could have reasonably, but mistakenly, believed that his or her conduct did not violate a clearly established right. *Saucier*, 533 U.S. at 202.

Here, as analyzed above, Plaintiffs have alleged the deprivation of a constitutional right. Next, our analysis turns to whether that right - to be free from excessive force during a traffic stop - was clearly establish at the time of the alleged violation. Given the Ninth Circuit's opinion in *Robinson*, we think it was clearly established in 2003 that pointing weapons at unarmed suspects after determining that they were not armed would violated the suspects' constitutional rights. *Robinson*, 278 F.3d 1007. As such, Defendant Balaam is not entitled to qualified immunity. Summary judgment as to Plaintiffs' seventh cause of action against Defendant Balaam, is **denied**.

**E.     Twelfth Cause of Action: False Imprisonment**

Under Nevada law, "an actor is liable to another actor for false imprisonment if (a) he acts intending to confine the other or a third person within the boundaries fixed by the actor, and (b) his act directly or indirectly results in such a confinement of the other, and (c) the other is conscious of the confinement or is harmed by it." *Hernandez v. City of Reno*, 634 P.2d 668, 671 (Nev. 1981), 97 Nev. 429, 443.

Defendants only argument for summary judgment of Plaintiffs Hepner and Waldron's claim of false imprisonment is that NRS 171.123 does not apply to the facts of this case, and that Plaintiffs claims must be dismissed for this reason. Although we agree with Defendants that NRS 171.123 does not apply, such agreement does not compel the conclusion that Plaintiffs claim of false imprisonment fails as a matter of law. As such, Defendants' motion for summary judgment is **denied** as to Plaintiffs' twelfth cause of action for false imprisonment.

/ / /

/ / /

**F.      Thirteenth Cause of Action: Assault**

Defendants sole argument for summary judgment on Plaintiffs assault claims is that Nevada law does not recognize the tort of assault with a deadly weapon. (Doc. #57). However, as Plaintiffs point out, Nevada law does recognize the tort of assault. *See*, *e.g.*, *Johnson v. Fong,* 147 P.2d 884 (Nev. 1944), 62 Nev. 249; *Prell Hotel Corp. v. Antonacci*, 469 P.2d 399 (Nev. 1970), 86 Nev. 390. Defendants have not set forth sufficient proof to show that there is no issue of material fact on this claim. The motion for summary judgment on Plaintiffs' thirteenth cause of action is **denied**.

## CONCLUSION

For the reasons set forth above, the Defendants' Motion for Summary Judgment (Doc. #57) on Plaintiffs' Third, Fifth, Sixth, and Eighth causes of action is **GRANTED**.   Further, the motion is **GRANTED** as to Plaintiffs' Fourth and Seventh causes of action claims against Defendants Green and Krush.  The motion is **DENIED** as to the Fourth and Seventh causes of action against Defendant Balaam, and as to the Twelfth and Thirteenth causes of action.

DATED: July 10, 2007.

_____
UNITED STATES MAGISTRATE JUDGE